IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIA DEL CARMEN RODRIGUEZ, et al.,

    Plaintiffs,

v.

MAYOR MARCELO TRUJILLO, et al.,

    Defendants.

CIVIL NO. 05-1900 (RLA)

## ORDER DISMISSING DUE PROCESS CLAIM

Codefendant Hon. Marcelo Trujillo, Mayor of Humacao, Puerto Rico, has moved the court to dismiss the instant complaint pursuant to Rule 12(b)(6) Fed. R. Civ. P. which plaintiffs have opposed. The request for dismissal was joined by codefendant Esteban Garcia in his individual capacity. The court having reviewed the arguments presented by the parties as well as the allegations in the complaint hereby rules as follows.

### BACKGROUND

This is a political discrimination suit filed under the First and Fourteenth Amendments to the U.S. Constitution brought by plaintiff, Maria del Carmen Rodriguez Cruz, and her husband, Jose Medina Tirado, lessors of Post No. 43, a small-vendor kiosk property of the Municipality of Humacao and located in the Humacao public market.

Named defendants are: (1) the Municipality of Humacao, (2) its mayor, Marcelo Trujillo, and (3) Esteban Garcia, Administrator of the Humacao public market.

**CIVIL NO. 05-1900 (RLA)**                                                                                    **Page 2**

According to the complaint, despite their repeated requests and due to their political affiliation as New Progressive Party (NPP) members, defendants, affiliated with the adversary Popular Democratic Party (PDP), have refused to enlarge their kiosk.

As grounds for their motion to dismiss defendants argue that plaintiffs have failed to state a colorable claim. Additionally, movants contend that the Mayor is entitled to both legislative and qualified immunity.

## RULE 12(b)(6)

In disposing of motions to dismiss pursuant to Rule 12(b)(6) Fed. R. Civ. P. the Court will accept all factual allegations as true and will make all reasonable inferences in plaintiff's favor. Frazier v. Fairhaven School Com., 276 F.3d 52, 56 (1st Cir. 2002); Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co., 267 F.3d 30, 33 (1st Cir. 2001); Berezin v. Regency Sav. Bank, 234 F.3d 68, 70 (1st Cir. 2000); Tompkins v. United Healthcare of New England, Inc., 203 F.3d 90, 92 (1st Cir. 2000).

Our scope of review under this provision is a narrow one. Dismissal will only be granted if after having taken all well-pleaded allegations in the complaint as true, the Court finds that plaintiff is not entitled to relief under any theory. Brown v. Hot, Sexy and Safer Prods., Inc., 68 F.3d 525, 530 (1st Cir. 1995) cert. denied 116 S.Ct. 1044 (1996); Vartanian v. Monsanto Co., 14 F.3d 697, 700 (1st Cir. 1994). Further, our role is to examine the complaint to

**CIVIL NO. 05-1900 (RLA)**                                                                **Page 3**

determine whether plaintiff has adduced sufficient facts to state a cognizable cause of action. Alternative Energy, 267 F.3d at 36. The complaint will be dismissed if the court finds that under the facts as pleaded plaintiff may not prevail on any possible theory. Berezin, 234 F.3d at 70; Tompkins, 203 F.3d at 93.

## SEC. 1983

Section 1983 reads:

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

This provision does not create substantive rights but is rather a procedural mechanism for enforcing constitutional or statutory rights. Albright v. Oliver, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994). The statute, i.e., § 1983 "'is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred... by the United States Constitution and federal statutes.'" Rodríguez García v. Municipality of Caguas, 354 F.3d 91, 99 (1st Cir. 2004) (citing Baker v. McCollan, 443 U.S. 137, 144 n.3, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). *See also*, Local Union v.

**CIVIL NO. 05-1900 (RLA)**                                                    **Page 4**

Massachusetts, 377 F.3d 64, 75 (1st Cir. 2004) ("Of course, § 1983 does not itself confer substantive federal rights; it simply provides a remedy for their deprivation.") Hence, it is plaintiff's burden to identify the particular underlying constitutional or statutory right that is sought to be enforced via judicial proceedings.

In order to prevail in a § 1983 claim plaintiff must bring forth evidence that (1) defendant acted "under color of state law" and (2) he was deprived of a federally protected right. Rogan v. City of Boston, 267 F.3d 24 (1st Cir. 2001); Dimarco-Zappa v. Cabanillas, 238 F.3d 25, 33 (1st Cir. 2001); Collins v. Nuzzo 244 F.3d 246 (1st cir. 2001); Barreto-Rivera v. Medina Vargas, 168 F.3d 42, 45 (1st Cir. 1999).

Therefore, we must ascertain whether plaintiffs have adequately pled that they were deprived of any federally protected right as a result of the events alleged in the complaint.[1]

### DUE PROCESS

Plaintiffs allege a deprivation of property rights without due process under the Fourteenth Amendment. The Due Process Clause provides that no state shall "deprive any person of life, liberty or property without due process of law." U.S. Const. amend. XIV, § 1.

In order to properly assert a procedural due process claim under § 1983, plaintiffs must show that: [1] they had a property interest

---

[1] There is no question that the alleged conduct at issue was taken by defendants acting under color of law.

and [2] that defendants, acting under color of state law, deprived them of that property interest without providing them with a constitutionally adequate procedure. <u>Licari v. Ferruzzi</u>, 22 F.3d 344, 347 (1st Cir. 1994); <u>Rumford Pharmacy v. City of East Providence</u>, 970 F.2d 996, 999 (1st Cir. 1992); <u>PFZ Properties v. Rodriguez</u>, 928 F.2d 28, 30 (1st Cir. 1991). "Under the Due Process Clause of the Fourteenth Amendment, persons who possess a property interest... cannot be deprived of that interest without due process of law." <u>Figueroa-Serrano v. Ramos-Alverio</u>, 221 F.3d 1, 6 (1st Cir. 2000).

Hence, it is only in situations where plaintiff has been able to establish a property right at stake that due process protection comes into play. Property interests, however, are not created by the Constitution but derive instead from state law provisions. "[T]he Constitution does not create property interests; instead, 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law.'", <u>Santana v. Calderon</u>, 342 F.3d 18, 23 (1st Cir. 2003) (citing <u>Bd. of Regents of State Colleges v. Roth</u>, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)).

A party's unilateral belief does not by itself translate into a property right subject to due process concerns. "'To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it.  He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim or

**CIVIL NO. 05-1900 (RLA)**                                                                                     **Page 6**

entitlement to it.'" <u>Macone v. Town of Wakefield</u>, 277 F.3d at 9 (citing <u>Bd. of Regents of State Colleges v. Roth</u>, 408 U.S. at 577, 92 S.Ct. 2701, 33 L.Ed.2d 548). "In order to establish a constitutionally-protected property interest, a plaintiff must demonstrate that [he] has a legally recognized expectation" to the property interest at issue. <u>Santana v. Calderon</u>, 342 F.3d at 24.

Therefore, as previously noted, in order to trigger due process concerns plaintiffs must first identify their property rights at stake by defendants' acts or omissions. However, a review of the complaint clearly reveals that plaintiffs have not explained, nor can we discern from the allegations in the pleading, how defendants' alleged refusal to enlarge their kiosk deprived them of any proprietary right.

Accordingly, plaintiffs' claim under the Fourteenth Amendment is **DISMISSED**.

**FIRST AMENDMENT**

The fact that plaintiffs have failed to adduce a procedural due process violation does not dispose of their First Amendment claim.

In order to determine whether or not plaintiff was the victim of objectionable political patronage we must follow the <u>Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle</u>, 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977) route which places the initial burden upon plaintiff who must present sufficient evidence to establish that "political affiliation was a substantial or motivating factor in the

**CIVIL NO. 05-1900 (RLA)**                                                                 **Page 7**

decisional calculus." Gomez v. Rivera Rodriguez, 344 F.3d at 110; Padilla-Garcia, 212 F.3d at 74. *See also*, Figueroa-Serrano, 221 F.3d at 7 (constitutionally protected conduct substantial factor in the decision).

"If the plaintiff satisfies this burden the devoir of persuasion shifts to the defendants to prove that they would have taken the same action regardless of plaintiff's political affiliation." Gomez v. Rivera Rodriguez, 344 F.3d at 110, "commonly referred to as the Mt. Healthy defense." Padilla-Garcia, 212 F.3d at 74.

Merely juxtaposing plaintiff's political affiliation with a claim that she was treated unfairly will not suffice to meet the causation requirement. *Id.*; Correa-Martinez v. Arrillaga-Belendez, 903 F.2d 49, 58 (1st Cir. 1990). Similarly, the mere fact that the defendants charged with the discriminatory conduct belong to a different political party is insufficient for plaintiff to meet his burden and avoid summary disposition of a patronage claim. Figueroa-Serrano, 221 F.3d at 7-8; Kauffman v. P.R. Tel. Co., 841 F.2d 1169, 1172 (1st Cir. 1988).

An "assertion about statements of political affiliation – unaccompanied by any specific factual information to support [a political discrimination] claim, and unrelated to any... action taken by [defendant] against [plaintiff] - is patently insufficient to establish an act of political discrimination." Lopez-Carrasquillo, 230 F.3d at 414. However, plaintiff is not required to prove her

**CIVIL NO. 05-1900 (RLA)** **Page 8**

discrimination claim by direct evidence. "In a political discrimination case, the plaintiff may discredit the proffered nondiscriminatory reason, either circumstantially or directly, by adducing evidence that discrimination was more likely than not a motivating factor." Padilla-Garcia, 212 F.3d at 77. Circumstantial evidence of politically-based discriminatory animus may suffice if, when considered in *toto*, would allow a rational jury to make a reasonable inference of improper motive. Acosta-Orozco v. Rodriguez-de-Rivera, 132 F.3d 97, 101-02 (1st Cir. 1997); Anthony v. Sundlun, 952 F.2d 603, 605-06 (1st Cir. 1991).

The probative onus placed on the parties in political discrimination cases differs from that required in employment discrimination suits brought under Title VII. "In contrast [to Title VII suits],[2] under the Mt. Healthy analysis for political discrimination, the burden of persuasion passes to the defendant-employer once the plaintiff produces sufficient evidence of her prima facie case. In other words, the plaintiff-employee will prevail unless the fact finder concludes that the defendant has produced

---

[2] In Title VII suits plaintiff retains the burden of persuasion throughout the litigation with defendant's duty limited to a proffer of non-discriminatory reasons. Thus, in Title VII discrimination cases, once plaintiff meets the threshold of prima facie discrimination "only a limited burden of production passes to the employer to articulate a legitimate, nondiscriminatory reason for its actions. The employer under Title VII need not submit sufficient evidence to persuade the factfinder because the plaintiff retains the burden of persuasion at all times." Padilla-Garcia, 212 F.3d at 78 n.8 (citations and internal quotation marks omitted).

enough evidence to establish that the plaintiff's dismissal would have occurred in any event for nondiscriminatory reasons." Padilla-Garcia, 212 F.3d at 78 n.8 (citations and internal quotation marks omitted).

## ARGUMENTS

### Discriminatory Animus

Movant contends that plaintiffs have failed to adequately plead a First Amendment violation because there can be no inference of discriminatory animus.

Mindful that in a motion to dismiss setting we must take plaintiff's averments as true, we find that the complaint meets this requirement. The allegations regarding political animus go beyond merely juxtaposing the parties' political persuasions as defendant argues.

According to the complaint, codefendant Trujillo, a PDP member, was reelected to the position of Mayor of Humacao in 2004. Plaintiff Rodriguez Cruz was active in the last political campaign backing defendant Trujillo's opponent for the mayor's position. She also appeared in the front page of a local newspaper criticizing the conditions of the public market all of which is known to the Mayor. Codefendant Trujillo has refused to talk to plaintiff Rodriguez Cruz or even grant her an appointment to discuss the petition for the enlargement of plaintiffs' kiosk.[3] Plaintiffs further aver that while

---

[3] Complaint ¶ 13.

**CIVIL NO. 05-1900 (RLA)**                                                           **Page 10**

the Mayor has refused to enlarge Post No. 43 he "has leased and enlarged several posts to members of the Popular Democratic Party."[4] Additionally, plaintiffs aver that the Municipality is currently remodeling the public market and the Mayor has "assigned larger spaces to members of the PDP."[5] Plaintiffs also identified two PDP members whose kiosks were enlarged and indicate that "as soon as the remodelation [sic] is finished, [the Mayor] will lease other posts to members of the Popular Democratic Party, and will not lease posts to members of the New Progressive Party."[6]

### Legislative Immunity

Defendant further argues that he is entitled to legislative immunity because "the remodeling of the Humacao Market Plaza was the result of work originated in the Humacao legislature when it announced its plan to approve an ordinance that would permit it to issue bonds in order to pay for various construction and remodeling projects, among which was the Humacao Market Plaza." Motion to Dismiss (docket No. 11) p. 7.

"Officials performing legislative functions have absolute immunity from suit and liability under section 1983." Figueroa-Serrano v. Ramos-Alverio, 221 F.3d 1, 4 (1st Cir. 2000); Acevedo-Garcia v. Vera-Monroig, 204 F.3d 1, 7 (1st Cir. 2000). Legislative

---

[4] Complaint ¶ 9.

[5] Complaint ¶ 10.

[6] Complaint ¶ 11.

**CIVIL NO. 05-1900 (RLA)**                                                           **Page 11**

immunity has been extended to local legislators. Figueroa-Serrano v. Ramos-Alverio, 221 F.3d 1, 4 (1st Cir. 2000); Acevedo-Garcia v. Vera-Monroig, 204 F.3d 1, 8 (1st Cir. 2000).

However, the legislative immunity protection extends only to those acts within the "sphere of legitimate legislative activity," Tenney v. Brandhove, 341 U.S. 367, 376, 71 S.Ct. 783, 95 L.Ed. 1019 (1951) and not to "administrative or executive functions." Figueroa-Serrano v. Ramos-Alverio, 221 F.3d at 4; Acevedo-Garcia, 204 F.3d at 8. "Absolute immunity applies to prospective, legislative-type rules that are general in nature." Acevedo-Garcia, 204 F.3d at 8 (citation and internal quotation marks omitted). However, "[i]f the decision stems from specific facts relating to particular individuals or situations, the act is administrative." Acevedo-Garcia, 204 F.3d at 9.

As previously noted, pursuant to Rule 12(b)(6), our review as to the adequacy of plaintiffs' complaint is constrained to the allegations in the pleading and there is no mention therein of the alleged municipal ordinance.

Further, even assuming that were the case, legislative immunity has been rejected in cases of selective application of a particular legislative-type rule targeting exclusively members of the opposing political party which would be the alleged situation here. *See i.e.,* Acevedo-Garcia, 204 F.3d at 9 ("Because the defendants's decisions stemmed from specific facts about the party affiliation of

individuals and affected particular individuals differently from others, these actions were administrative rather than legislative.")[7]

### Qualified Immunity

Lastly, defendant raises the qualified immunity defense. Qualified immunity shields officials from having to pay for damages resulting from violations of § 1983 provided certain particular circumstances are present. "The doctrine of qualified immunity 'provides a safe harbor for a wide range of mistaken judgments.'" Kauch v. Dep't for Children, Youth and Their Families, 321 F.3d 1, 4 (1st Cir. 2005) (citing Hatch v. Dep't for Children, Youth and Their Families, 274 F.3d 12, 19 (1st Cir. 2001)).

The court will follow a three-part inquiry in ascertaining whether or not a defendant is entitled to protection. Initially, the court will consider "whether the plaintiff's allegations, if true, establish a constitutional violation." Whalen v. Mass. Trial Court, 397 F.3d 19, 23 (1st Cir. 2005). If so, the court will proceed to determine "whether the right was clearly established at the time of the alleged violation." *Id*. "Finally, we ask whether a similarly

---

[7] Defendant further claims that plaintiffs' discrimination claim is flawed because disparate impact analysis is inapposite in First Amendment cases. *See*, Torres-Rivera v. Calderon, 412 F.3d 205, 211 (1st Cir. 2005). Although we agree with defendant's legal proposition, the allegations in this particular case do not fit within the disparate impact theory. Plaintiffs are not claiming that a neutral measure in its application proportionately affected NPPs more than it did PDPs. Rather, they contend that those favoring the Mayor's political party were treated more favorably than members of the rival political party.

**CIVIL NO. 05-1900 (RLA)**                                                      **Page 13**

situated reasonable official would have understood that the challenged action violated that right." *Id*.

Thus, "qualified immunity remains available to defendants who demonstrate that they acted objectively reasonably in applying clearly established law to the specific facts they faced." Burke v. Town of Walpole, 405 F.3d 66, 86 (1st cir. 2005). In other words, whether "an objectively reasonable official in the defendants' position would not necessarily have understood that his action violated plaintiff's rights". Whalen, 397 F.3d at 28. Because qualified immunity is an affirmative defense it is defendant's burden to present evidence of its applicability. Dimarco-Zappa, 238 F.3d at 35.

Defendant initially argues that plaintiffs have failed to establish a constitutional violation. As we previously ruled, that is the case with respect to the due process claim but not regarding the First Amendment cause of action.

Defendant further contends that plaintiffs have failed to clearly define the constitutional right impinged upon. We differ from defendant's reading of the complaint. The motion currently before the court is not a summary judgment petition but rather the request is premised on dismissal for failure to state a claim under Rule 12(b)(6) which mandates that the court accept all factual allegations of the complaint as true. The right not to be treated differently by the government when it improves areas leased to individuals based

**CIVIL NO. 05-1900 (RLA)**                                                      **Page 14**

strictly on the lessor's political beliefs lies at the heart of the First Amendment.

Lastly, based on the facts as pled the court cannot infer defendant's objective belief that the alleged discriminatory treatment was constitutionally sound.

## CONCLUSION

Based on the foregoing, defendant's Motion to Dismiss (docket No. **11**)[8] is disposed of as follows. The request to dismiss the due process claim is **GRANTED**. The request to dismiss the First Amendment claim is **DENIED**.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 11th day of August, 2006.

                                        S/Raymond L. Acosta
                                         RAYMOND L. ACOSTA
                                     United States District Judge

---

[8] The Motion to Join filed by codefendant ESTEBAN GARCIA in his individual capacity (docket No. **12**) is **GRANTED**. *See also*, Opposition (docket No. **15**).