IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARIA DEL CARMEN RODRIGUEZ,
et al.,

    Plaintiffs,

    v.

MAYOR MARCELO TRUJILLO,
et al.,

    Defendants.

CIVIL NO. 05-1900 (RLA)

## ORDER IN THE MATTER OF
## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Defendants have moved the Court to enter summary judgment dismissing the instant complaint as time-barred as well as for failure to state a colorable claim under the First Amendment to the U.S. Constitution. The Court having reviewed the arguments presented by the parties as well as the evidence submitted therewith hereby rules as follows.

### BACKGROUND

This is a political discrimination suit filed under the First and Fourteenth Amendments to the U.S. Constitution brought by plaintiff, Maria del Carmen Rodriguez Cruz, and her husband, Jose Medina Tirado, lessees of Post No. 43, a small-vendor kiosk property of the Municipality of Humacao and located in the Humacao public market.

CIVIL NO. 05-1900 (RLA)                                              **Page 2**

---

Named defendants are: (1) the Municipality of Humacao, (2) its mayor, Marcelo Trujillo, and (3) Esteban Garcia, Administrator of the Humacao public market.

According to the complaint, despite their repeated requests and due to their political affiliation as New Progressive Party (NPP) members, defendants, affiliated with the adversary Popular Democratic Party (PDP), have refused to allow plaintiffs to enlarge their kiosk. The due process claim was previously dismissed by the Court.[1] Therefore, at this time, we need only address the timeliness defense as well as the arguments relevant to the remaining political discrimination cause of action asserted under the First Amendment.

### SUMMARY JUDGMENT STANDARD

Rule 56(c) Fed. R. Civ. P., which sets forth the standard for ruling on summary judgment motions, in pertinent part provides that they shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Sands v. Ridefilm Corp., 212 F.3d 657, 660-61 (1st Cir. 2000); Barreto-Rivera v. Medina-Vargas, 168 F.3d 42, 45 (1st Cir. 1999). The party seeking summary judgment must first demonstrate the absence of a genuine issue of material fact in the record. DeNovellis v. Shalala, 124 F.3d 298, 306 (1st Cir. 1997). A genuine

---

[1] *See*, Order Dismissing Due Process Claim (docket No. 22).

**CIVIL NO. 05-1900 (RLA)**                                      **Page 3**

issue exists if there is sufficient evidence supporting the claimed factual disputes to require a trial.  <u>Morris v. Gov't Dev. Bank of Puerto Rico</u>, 27 F.3d 746, 748 (1st Cir. 1994); <u>LeBlanc v. Great Am. Ins. Co.</u>, 6 F.3d 836, 841 (1st Cir. 1993), *cert. denied*, 511 U.S. 1018, 114 S.Ct. 1398, 128 L.Ed.2d 72 (1994).  A fact is material if it might affect the outcome of a lawsuit under the governing law. <u>Morrissey v. Boston Five Cents Sav. Bank</u>, 54 F.3d 27, 31 (1st Cir. 1995).

    "In ruling on a motion for summary judgment, the court must view 'the facts in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor.'" <u>Poulis-Minott v. Smith</u>, 388 F.3d 354, 361 (1st Cir. 2004) (citing <u>Barbour v. Dynamics Research Corp.</u>, 63 F.3d 32, 36 (1st Cir. 1995)).

    Credibility issues fall outside the scope of summary judgment. "'Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge.'" <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). *See also*, <u>Dominguez-Cruz v. Suttle Caribe, Inc.</u>, 202 F.3d 424, 432 (1st Cir. 2000) ("court should not engage in credibility assessments."); <u>Simas v. First Citizens' Fed. Credit Union</u>, 170 F.3d 37, 49 (1st Cir. 1999) ("credibility determinations are for the factfinder at trial, not for the court at summary

CIVIL NO. 05-1900 (RLA)                                          Page 4

judgment."); <u>Perez-Trujillo v. Volvo Car Corp.</u>, 137 F.3d 50, 54 (1st Cir. 1998) (credibility issues not proper on summary judgment); <u>Molina Quintero v. Caribe G.E. Power Breakers, Inc.,</u> 234 F.Supp.2d 108, 113 (D.P.R. 2002). "There is no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, and no room for the judge to superimpose his own ideas of probability and likelihood. In fact, only if the record, viewed in this manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." <u>Cruz-Baez v. Negron-Irizarry</u>, 360 F.Supp.2d 326, 332 (D.P.R. 2005) (internal citations, brackets and quotation marks omitted).

In cases where the non-movant party bears the ultimate burden of proof, he must present definite and competent evidence to rebut a motion for summary judgment, <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. at 256-257, 106 S.Ct. 2505, 91 L.Ed.2d 202; <u>Navarro v. Pfizer Corp.</u>, 261 F.3d 90, 94 (1st Cir. 2000); <u>Grant's Dairy v. Comm'r of Maine Dep't of Agric.</u>, 232 F.3d 8, 14 (1st Cir. 2000), and cannot rely upon "conclusory allegations, improbable inferences, and unsupported speculation". <u>Lopez-Carrasquillo v. Rubianes</u>, 230 F.3d 409, 412 (1st Cir. 2000); <u>Maldonado-Denis v. Castillo-Rodríguez</u>, 23 F.3d 576, 581 (1st Cir. 1994); <u>Medina-Muñoz v. R.J. Reynolds Tobacco Co.</u>, 896 F.2d 5, 8 (1st Cir. 1990).

CIVIL NO. 05-1900 (RLA)                                              **Page 5**

Further, any testimony used in a motion for summary judgment setting must be admissible in evidence, i.e., based on personal knowledge and otherwise not contravening evidentiary principles. Rule 56(e) specifically mandates that affidavits submitted in conjunction with the summary judgment mechanism must "be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Hoffman v. Applicators Sales and Serv., Inc., 439 F.3d 9, 16 (1st Cir. 2006); Carmona v. Toledo, 215 F.3d 124, 131 (1st Cir. 2000). *See also*, Quiñones v. Buick, 436 F.3d 284, 290  (1st Cir. 2006) (affidavit inadmissible given plaintiff's failure to cite "supporting evidence to which he could testify in court"). The affidavit must contain facts which are admissible in evidence. Lopez-Carrasquillo v. Rubianes, 230 F.3d at 414. "Evidence that is inadmissible at trial, such as inadmissible hearsay, may not be considered on summary judgment." Vazquez v. Lopez-Rosario, 134 F.3d 28, 33 (1st Cir. 1998).

### SECTION 1983

Title 42 U.S.C. § 1983 reads:

Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights,

CIVIL NO. 05-1900 (RLA)                                    Page 6

privileges, or immunities secured by the Constitution and
law, shall be liable to the party injured in an action at
law, suit in equity, or other proceeding for redress.

This provision does not create substantive rights but is rather
a procedural mechanism for enforcing constitutional or statutory
rights. Albright v. Oliver, 510 U.S. 266, 114 S.Ct. 807, 127 L.Ed.2d
114 (1994). The statute, i.e., § 1983 "'is not itself a source of
substantive rights, but a method for vindicating federal rights
elsewhere conferred... by the United States Constitution and federal
statutes.'" Rodríguez García v. Municipality of Caguas, 354 F.3d 91,
99 (1st Cir. 2004) (citing Baker v. McCollan, 443 U.S. 137, 144 n.3,
99 S.Ct. 2689, 61 L.Ed.2d 433 (1979)). *See also*, Local Union v.
Massachusetts, 377 F.3d 64, 75 (1st Cir. 2004) ("Of course, § 1983
does not itself confer substantive federal rights; it simply provides
a remedy for their deprivation.") Hence, it is plaintiff's burden to
identify the particular underlying constitutional or statutory right
that is sought to be enforced via judicial proceedings.

In order to prevail in a § 1983 claim plaintiff must bring forth
evidence that (1) defendant acted "under color of state law" and
(2) he was deprived of a federally protected right. Rogan v. City of
Boston, 267 F.3d 24 (1st Cir. 2001); Collins v. Nuzzo, 244 F.3d 246
(1st Cir. 2001); Dimarco-Zappa v. Cabanillas, 238 F.3d 25, 33 (1st Cir.
2001); Barreto-Rivera v. Medina Vargas, 168 F.3d 42, 45 (1st Cir.
1999).

CIVIL NO. 05-1900 (RLA)                                        Page 7

Therefore, we must ascertain whether plaintiffs have adequately pled that they were deprived of any federally protected right as a result of the events alleged in the complaint.

STATUTE OF LIMITATIONS

Because § 1983 has no express limitations period the most analogous state statute of limitations as well as its tolling provisions will be applied to § 1983 actions. Hardin v. Straub, 490 U.S. 536, 109 S.Ct. 1998, 104 L.Ed.2d 582 (1989) and Chardon v. Fumero-Soto, 464 U.S. 650, 103 S.Ct. 2611, 78 L.Ed.2d 663 (1983); Marrero-Gutierrez v. Molina, 491 F.3d 1, 2 (1st Cir. 2007).

In this jurisdiction the one-year period applicable to personal injury actions found at P.R. Laws Ann. tit. 31, § 5298(2) (1990) has been determined as the pertinent statute of limitations for § 1983 claims. Villanueva-Mendez v. Nieves-Vazquez, 440 F.3d 11, 15 (1st Cir. 2006); Gonzalez-Alvarez v. Rivero-Cubano, 426 F.3d 422, 425 (1st Cir. 2005); Andino-Pastrana v. Municipio de San Juan, 215 F.3d 179, 180 (1st Cir. 2000); Aybar v. Crispin-Reyes, 118 F.3d 10, 15 n.6 (1st Cir. 1997); Muñiz-Cabrero v. Ruiz, 23 F.3d 607 (1st Cir. 1994); Lafont-Rivera v. Soler-Zapata, 984 F.2d 1 (1st Cir. 1993); Rodriguez Narvaez v. Nazario, 895 F.2d 38 (1st Cir. 1990). The underlying premise for the limitations period  is to protect both the defendants from having to defend from distant events as well as those affected individuals who timely prosecute their claims. Vistamar, Inc. v. Fagundo-Fagundo, 430 F.3d 66, 70-71 (1st Cir. 2005); Morris, 27 F.3d at 750.

Although the local provisions are utilized for determining the length of the statute of limitations period in § 1983 claims, federal law governs the date when the limitations period begins to run. Villanueva-Mendez, 440 F.3d at 15; Gonzalez-Alvarez, 426 F.3d at 425-26; Rivera Ramos v. Roman, 156 F.3d 276, 282 (1st Cir. 1998).

The limitations period for § 1983 claims begins to run "when the aggrieved party knows or has reason to know of the injury which is the basis for his action." Vistamar, 430 F.3d at 70 (citation and internal quotation marks omitted); Gonzalez-Alvarez, 426 F.3d at 426; Carreras-Rosa v. Alves-Cruz, 127 F.3d 172, 174 (1st Cir. 1997). "Accrual commences, for federal law purposes, when a plaintiff knows, or has reason to know, of the discriminatory act that underpins his cause of action." Villanueva-Mendez, 440 F.3d at 15 (citation and internal quotation marks omitted).

For purposes of the instant motion, all parties agree that plaintiffs' political discrimination claim accrued at least by July when plaintiff Maria del Carmen Rodriguez Cruz met with codefendant Trujillo who rejected her request for additional space based on her political views. In her deposition, plaintiff described the incident as follows:

When I went to tell [the mayor] that I needed spaces for my location, for my spot, he said "No, because the spots that he had or the spaces that he had were for those who were from --- 'Populares', from the PPD, for those from

his side. And I had — that I had campaigned against him,

that he had heard me on the radio criticizing him."

Tr. 14.

There is an issue, however, as to whether the aforementioned meeting and a subsequent attempt to meet with the mayor occurred in July and August 2 of 2004 or 2005. If indeed it took place in 2004 the complaint, filed on August 23, 2005, would be time-barred.

In her deposition plaintiff testified that after her failed attempts to procure the expansion permit through the public market place Administrator, she visited City Hall twice to deal directly with the Mayor. The first visit was in July 2004 - when she was able to meet with codefendant Trujillo. The second time, on August 2, 2004, she went to City Hall accompanied by Georgina Reyes and Carmen Lebron but was unable to see codefendant on that occasion.

Subsequent to defendants' request for dismissal of the complaint as time-barred, plaintiffs sought to correct the year of her visits to City Hall arguing that her testimony regarding 2004 had resulted from confusion. In support thereof, both plaintiffs submitted their respective sworn statements vouching for the 2005 visits as well as those of Georgina Reyes Colon and Carmen Lebron Andino who accompanied plaintiff in her last attempt to meet with the mayor. Additionally, plaintiff Jose A. Medina Tirado filed copy of a portion of his personal log book which included entries from February 9, 2005

CIVIL NO. 05-1900 (RLA)                                          Page 10

through September 20, 2005 which specifically mentions the August 2, 2005 visit.

     "It is settled that '[w]hen an interested witness has given clear answers to unambiguous questions, he cannot create a conflict and resist summary judgment with an affidavit that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed.'" Torres v. E.I. Dupont de Nemours & Co., 219 F.3d 13, 20 (1st Cir. 2000) (citing Colantuoni v. Alfred Calcagni & Sons, Inc., 44 F.3d 1, 4-5 (1st Cir. 1994)); Sailor Inc. F/V v. City of Rockland, 324 F.Supp.2d 197, 202 (D.Me. 2004). Whether or not a satisfactory explanation for the change in testimony has been provided is crucial to the determination. Colantuoni, 44 F.3d at 5. See i.e., Orta-Castro v. Merck, Sharp & Dohme Quimica P.R., Inc., 447 F.3d 105 (1st Cir. 2006) (court did not abuse its discretion in disregarding affidavit submitted in support of employee's opposition to summary judgment since statements therein conflicted with answers employee had given in her deposition and employee failed to provide satisfactory explanation for subsequent change in testimony); Torres, 219 F.3d at 20-21 ("post-summary judgment affidavit... does not indicate that there was any confusion at the time of his deposition testimony... nor does it allege that the prior testimony was in error.")

CIVIL NO. 05-1900 (RLA)                                        **Page 11**

We find plaintiffs' explanation - which is supported by ample evidence - sufficient to meet the standard imposed by the aforementioned cases to allow for recanting of prior testimony.[2]

Accordingly, we accept plaintiff's testimony regarding the year of her visits to City Hall to address the expansion request and therefore, find that the complaint was timely filed.

### FIRST AMENDMENT

Defendants argue that plaintiffs have failed to state a cognizable First Amendment claim in that they are not independent contractors performing services akin to government employees nor was their pre-existing government lease contract terminated to warrant protection under Bd. of County Comm'rs v. Umbehr, 518 U.S. 668, 116 S.Ct. 2342, 135 L.Ed.2d 843 (1996) and O'Hare Truck Serv., Inc. v. City of Northlake, 518 U.S. 712, 116 S.Ct. 2353, 135 L.Ed.2d 874 1996).

Even though defendants may be correct in their assessment of the nature of the commercial relationship between the parties in this case, that does not leave plaintiffs deprived of all First Amendment protection. Rather, the circumstances present in this action are more akin to those cases dealing with denial of permits by the government in retaliation for the exercise of First Amendment rights.

---

[2] We must note that defendants, on the other hand, have limited themselves to attacking the veracity of plaintiff's new date: they have not submitted any evidence to controvert the corrected version such as the City Hall log book of the mayor's agenda for those dates.

In <u>Baker v. Coxe</u>, 230 F.3d 470, 475 (1ˢᵗ Cir. 2000) the Court of Appeals, applying by analogy the methodology of <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), indicated that a "delay of a land use permit in unjustifiable retaliation for the applicant's expressions of his political views may violate the First Amendment if plaintiff proves three elements: that he engaged in protected speech, that he was qualified for the permit, and that the delay was in retaliation for the disfavored speech."

In other words, in order to establish a retaliation claim a permit applicant must present evidence showing: "(1) an adverse result from a government body, (2) following protected expression detrimental or opposed to that body or its decision-makers, (3) despite the applicant's qualification for an approval or other favorable result, and (4) evidence indicating retaliatory intent held by the government body or its decision-makers. Once the plaintiff makes his prima facie case, the burden of persuasion shifts to the government defendant, which must show a legitimate, non-retaliatory reason for its decision. On this showing, the burden of persuasion returns to the plaintiff, who can survive summary judgment by raising an arguable question of pretext." <u>Welch v. Paicos</u>, 66 F.Supp.2d 138, 170-71 (D.Mass. 1999) (citations and internal quotation marks and notes omitted). *See also*, <u>Nestor Colon Medina & Sucesores, Inc. v. Custodio</u>, 964 F.2d 32, 42 (1ˢᵗ Cir. 1992).

CIVIL NO. 05-1900 (RLA)                                    **Page 13**

"In considering [a First Amendment] claim, we focus not on defendants' actions, but on the motivations underlying them. These motivations are critical because otherwise-constitutional government actions lose their legitimacy if designed to punish or deter an exercise of constitutional freedoms." Welch, 66 F.Supp.2d at 169 (citations and internal quotation marks omitted).

At this point there is no evidence in the record contradicting plaintiffs' allegations that: the Municipality, through its mayor, denied plaintiffs' request for their kiosk's expansion; plaintiffs' rival political affiliation to that of the mayor; the viability of plaintiffs' request, and the mayor's statement that the spaces available at the Plaza de Mercado were reserved for PPD members. Nor is there evidence of any legitimate non-discriminatory reasons for the denial.

Accordingly, the request to dismiss the First Amendment claim is **DENIED**.

### CONCLUSION

Based on the foregoing, defendants' Motion for Summary Judgment (docket No. **33**)[3] is disposed of as follows:

-      The requests to dismiss the complaint as untimely and to
       dismiss the First Amendment claim are **DENIED**.

---

[3] See also, Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment (docket No. **35**); Reply (docket No. **39**) and Sur-Reply (docket No. **41**). The Motion to Strike (docket No. **43**) is **DENIED**.

**CIVIL NO. 05-1900 (RLA)**                                    **Page 14**

-      Plaintiffs having voluntarily dismissed their claims
       against codefendant Esteban Garcia,[4] the claims asserted
       against him are hereby **DISMISSED.** Judgment shall be entered
       accordingly.

IT IS SO ORDERED.

San Juan, Puerto Rico, this 7th day of September, 2007.


                                   S/Raymond L. Acosta
                              RAYMOND L. ACOSTA
                              United States District Judge

---

   [4]  *See*, Memorandum (docket No. 35) p. 10.